J-S60036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL BRAN FLEMING | : | |
| | : | |
| Appellant | : | No. 608 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001537-2017

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED NOVEMBER 26, 2019**

Michael Bran Fleming (Fleming) appeals from the judgment of sentence entered on December 7, 2018, by the Court of Common Pleas of Berks County (trial court) following his convictions for one count of possession with intent to deliver and two counts of possession of a controlled substance.[1]  Fleming contends that the trial court erred by denying his motion *in limine* to introduce a third-party's statements against interest at trial.[2]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (a)(16).

[2] We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion.  **Commonwealth v. Benson**, 10 A.3d 1268, 1274 (Pa. Super. 2010).  "[A]n abuse of discretion will be found if the trial court's judgment was manifestly unreasonable or the result of partiality, prejudice,

On December 9, 2016, Fleming was the front-seat passenger in a vehicle that was pulled over for speeding in Robeson Township. (Notes of Testimony (N.T.), 11/13/18 – 11/14/18, at 72, 74). The driver of the vehicle was Darius Linton (Linton) and a third individual was in the back seat. (N.T. at 73-74). Officer Brandon Breitenstein determined that both Fleming and Linton had outstanding warrants and they were removed from the vehicle. (N.T. at 75-77). When Fleming exited the vehicle, Officer Breitenstein saw a bag of cocaine on the seat where Fleming had been sitting. (N.T. at 77, 135-36). He also observed an odor of unburnt marijuana when he approached Fleming's seat and spoke with him. (N.T. at 80-81).

Fleming initially denied having any narcotics on his person, but soon admitted to having more drugs in his pants. (N.T. at 81-82, 84). Fleming removed a bag containing 13 small bags of cocaine or crack cocaine, two bags of methamphetamine, and a bag of marijuana from his boxers. (N.T. at 84-86, 136-37). A small bag of marijuana was also recovered between the passenger seat and door of the vehicle. (N.T. at 87, 94). Officer Breitenstein then searched the vehicle and found baking soda and a measuring cup in the trunk. (N.T. at 89-90). The other occupants of the vehicle did not have any drugs or paraphernalia on their persons. (N.T. at 77, 88, 118-19).

---

bias, or ill will as shown by the evidence of record." *Id.* (internal quotations and citation omitted).

Fleming filed a motion *in limine* prior to trial seeking to introduce statements allegedly made by Linton implicating himself in the possession of the narcotics. ***See*** Motion *in Limine* at 5. He argued that Linton's statements were reliable because Linton was driving the vehicle, had the car key, and would have had better access to the trunk where the alleged paraphernalia was found.[3] (N.T. at 6, 11-12). Fleming also argued that Linton had multiple prior convictions for drug-related offenses and was a more sophisticated criminal than Fleming. (N.T. at 8, 177-78). The Commonwealth argued that Linton's statements to arresting officers had sufficient indicia of reliability to be admitted, but the statements allegedly made to Fleming and his brother lacked reliability and trustworthiness. (N.T. at 183-84). The trial court denied the motion *in limine* and Fleming was subsequently convicted of the above-mentioned offenses.[4] (N.T. at 185, 253-54).

It is not entirely clear from the record what alleged incriminating statements Fleming sought to introduce at trial. While Fleming argued repeatedly that Linton had made statements to Officer Breitenstein at the time of the arrest, to Fleming himself, and to Fleming's brother, indicating that all

---

[3] Fleming was found not guilty of one count of Possession of Drug Paraphernalia, 35 P.S. §§ 780-113(a)(32). (N.T. at 253).

[4] Fleming filed a timely notice of appeal following the denial of his post-sentence motion, and both Fleming and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

the narcotics found during the stop belonged to him, he never made a specific offer of proof presenting the substance of those statements to the trial court for its consideration.[5]  However, we glean from the record that Linton told Officer Breitenstein during the arrest that Fleming might have narcotics.[6] (N.T. at 102).  He also allegedly spoke to Fleming while they were waiting to see the magisterial district judge and urged him to admit to possessing the drugs.  (N.T. at 10, 177-78, 184).  The record does not reflect the content of the statements Linton allegedly made to Fleming's brother or the circumstances under which he allegedly made them.  (N.T. at 10).

A statement may be admitted under the hearsay exception for statements against interest if the declarant is unavailable as a witness[7] and the proponent of the statement establishes that:

> (A) a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it was so contrary to the declarant's

---

[5] Fleming's counsel repeatedly referenced statements to Officer Breitenstein that were in his police report, but this police report was not entered as an exhibit at the hearing on the motion *in limine*.

[6] Even though the trial court ruled that all of Linton's alleged statements were inadmissible, counsel for Fleming and the Commonwealth questioned Officer Breitenstein regarding this statement at trial.  (N.T. at 102-03, 112-13). Thus, to the extent that Fleming argues that the trial court erred in excluding this statement from trial, the issue is moot.

[7] Linton had a number of outstanding arrest warrants at the time of Fleming's trial, and the Commonwealth and Fleming agreed that Linton was unavailable under the Rule.  (N.T. at 7, 179, 181).

proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

(B) [the statement] is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Pa. R.E. 804(b)(3). In **Commonwealth v. Brown**, 52 A.3d 1139 (Pa. 2012), our Supreme Court held that statements made directly to homicide detectives in a **Mirandized**,[8] videotaped confession had sufficient indicia of reliability to be admissible as statements against penal interest. **Id.** at 1177. In that case, a codefendant gave a lengthy confession providing many specific details of a shooting, describing the drug operation for which he and his brothers worked, and claiming that the defendant had taken no part in the shooting. **Id.** Because the statements were so detailed and exposed the codefendant to significant criminal liability, they were sufficiently reliable to be admissible in the defendant's trial. **Id.** at 1177-78.

Regarding Linton's statements allegedly made directly to Fleming, Fleming's counsel asserted during argument on the motion *in limine* that Fleming and Linton had a discussion soon after their arrests. After they were taken into custody on outstanding warrants at the traffic stop, they sat together while waiting to appear in front of the magisterial district judge. (N.T. at 10, 177-78, 184). At that time, Linton allegedly urged Fleming to say that

---

[8] **Miranda v. Arizona**, 384 U.S. 436 (1966).

all the drugs in the vehicle belonged to him. *Id.* Linton told Fleming that if he admitted to possessing the narcotics, he would be sentenced to boot camp, as that was the sentence Linton had received for a similar conviction in the past. (N.T. at 177-78). Fleming's counsel sought to have Fleming testify regarding this conversation.

The trial court did not abuse its discretion in determining that this alleged interaction lacked the indicia of reliability necessary to render the statements admissible, as the brief conversation carries none of the indicia of reliability required by the Rule. These statements were allegedly made directly to Fleming, who had a significant interest in the statements' admission at trial. Linton was not speaking to someone with any authority over who would be charged with possession of the drugs found in the vehicle, and he did not expose himself to criminal liability by making a statement to Fleming. Further, Linton was not the registered owner of the vehicle and no drugs or paraphernalia were recovered from his person. (N.T. at 77, 96). The drugs recovered in the vehicle were found directly on Fleming's body, on the seat where Fleming had been sitting, and between Fleming's seat and the door. (N.T. at 77-78, 83-84, 87, 94). None of these circumstances suggests that Linton's alleged statements were truthful, and the trial court did not abuse its discretion in excluding them from trial.

As to the statements allegedly made to Fleming's brother, Fleming did not present any evidence or even an offer of proof regarding the

circumstances under which the statements were made. (N.T. at 10). It is not clear when the statements were made, how much time had passed between the incident and Linton's alleged statement, what specifically Linton said, or where he made the statement. As a result, the trial court was unable to assess the totality of the circumstances surrounding Linton's statements to determine if they presented sufficient indicia of reliability. In absence of any evidence of reliability, the trial court did not abuse its discretion in excluding these statements from trial.

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019